## KILLIAN v. UNITED STATES.
### No. 46478.

Court of Claims.
Jan. 7, 1946.

Charles M. Gildea, of Cohoes, N. Y., for plaintiff.

Horace G. Marshall, of Chicago, Ill., and Rawlings Ragland, Acting Head, Claims Division, of Washington, D. C., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES and MADDEN, Judges.

WHITAKER, Judge.

This case is before us on defendant's plea to the jurisdiction of the court.

Plaintiff sues the United States for the sum of $50,000. He says it is indebted to him for that amount "for a sickness incurred as follows: * * *." He says that while on duty as a soldier in the Army of the United States he became ill and was confined to a hospital and that later he was discharged from the Army because of a neuropsychiatric condition. He alleges no facts to show that the defendant was in any way responsible for his illness, but he does allege that his "claim for compensation due to the aforesaid neuropsychiatric condition * * * was rejected."

If these allegations state a cause of action at all it is for the pension provided for by section 701(a) of Title 38, U.S.C.A., which authorizes the payment of a pension to "Any person who served in the active military or naval service and who is disabled as a result of disease or injury or aggravation of a preexisting disease or injury incurred in line of duty in such service." But section 705 expressly makes the decision of the Administrator of Veterans' Affairs "final and conclusive on all questions of law and fact" connected with a claim for a pension, and it says, "no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision." See also section 11a—2 of Title 38 U.S.C.A., and Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434; Van Horne v. Hines 74 App.D.C. 214, 122 F.2d 207.

Both under these sections as well as under section 145 of the Judicial Code, 28 U.S.C.A. § 250, which denies to this court jurisdiction of claims for pensions, it is plain that defendant's plea must be sustained.

Plaintiff's petition will be dismissed. It is so ordered.

WHALEY, Chief Justice, and JONES and LITTLETON, Judges, concur.

MADDEN, Judge, took no part in the decision of this case.